IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN MOISES GARCIA-RODRIGUEZ,<br><br>Defendant. | FINDINGS OF FACT, CONLUSIONS OF LAW, AND MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUPPRESS<br><br>Case No. 2:23-CR-00201-DAK<br><br>Judge Dale A. Kimball |

This matter is before the Court on Defendant Juan Moises Garcia-Rodriguez' Motion to Suppress Evidence (ECF No. 112). The Defendant filed the Motion to Suppress on July 11, 2024. The Defendant filed a proposed briefing schedule on September 13, 2024. On September 29, 2024, the Defendant requested an extension of time to file their Memorandum in Support of Motion to Suppress (ECF No. 121). The Court granted the request for extension of time as to all parties. On October 7, 2024, the Defendant filed their Memorandum in Support of Motion to Suppress (ECF No. 123). The United States filed their Response to Defendant's Motion and Memorandum in Support on October 21, 2024 (ECF No. 124). Any reply to the Government's Response was due on November 17, 2024. Both parties agreed that an evidentiary hearing was unnecessary as the foundation for the Motion to Suppress relied entirely on the facts contained within the Affidavit for Search Warrant. The Court heard oral arguments on the motion on December 16, 2024. Accordingly, the Court considers the motion fully

briefed and ready for decision.  The Court has carefully considered the evidence, the memoranda and arguments submitted by the parties, and the law and facts relating to the motion.  Now being fully advised, the court issues the following Findings of Fact, Conclusions of Law, and Memorandum Decision and Order on Defendant's Motion to Suppress Evidence.

## I.  FINDINGS OF FACT

1. On May 16, 2023, Special Agent Brittani Wingert of the DEA submitted an application and accompanying affidavit to Judge Jared Bennett, United States Magistrate Judge for the District of Utah, requesting a warrant authorizing the search of a vehicle, a residence, and any phones located in that vehicle or that residence.

2. In paragraph 4 of the affidavit, Agent Wingert listed the three targets specifically and gave detailed descriptions before assigning them a shorthand reference for future use in the affidavit.

3. "SUBJECT RESIDENCE" was defined as "the residence located at 3945 S 700 W Bldg 3941 #21, Murray UT 84123" (Driftwood Park Apartments)

4. "SUBJECT VEHICLE" was defined as a "2014 Ford Fusion with VIN# 3FA6POG75ER176631 Utah license plate 9X0XP".

5. "SUBJECT PHONES" was defined as all "cellular phones located at the SUBJECT RESIDENCE and in the SUBJECT VEHICLE".

6. This was based on a series of controlled purchases coordinated by law enforcement in which they used a confidential informant (CI) to purchase fentanyl and heroin from a suspected drug distributor.

7. On December 28, 2023, the CI arranged for the purchase of 3.58 grams of heroin.  The CI went to a predetermined meet location to complete the purchase of heroin while law enforcement maintained surveillance.  An individual identified at that time as Jester Daniel Arrazola-Zuniga arrived at the pre-determined location driving a white Chrysler 200.  The CI completed the purchase of heroin from Arrazola-Zuniga.

8. The suspect individual was tentatively identified as Jester Daniel Arrazola-Zuniga.  However, the individual who officers believed was Arrazola-Zuniga was in fact the Defendant Juan Moises Garcia-Rodriguez.

9. On April 4, 2023, the CI again arranged for the purchase of 1 gram of heroin.  Again Garcia-Rodriguez arrived at the predetermined location and completed the controlled sale of heroin. However, this time Garcia-Rodriguez was not driving the Chrysler 200, but rather the SUBJECT VEHICLE, already defined as the 2014 Ford Fusion in paragraph 4 of the warrant affidavit.

10. On May 2, 2023, the CI again arranged the purchase of 79.9 grams of heroin and 51.1 grams of fentanyl pills.  Again Garcia-Rodriguez arrived at

the predetermined meet location in the SUBJECT VEHICLE and completed the sale of heroin and fentanyl.

11. On May 11, 2023, the CI again arranged the purchase of .08 grams of fentanyl pills. This time investigators setup surveillance at the SUBJECT RESIDENCE, already defined as Apartment #21 located at 3945 S 700 W Bldg 3941, Murray UT 84123 in paragraph 4 of the warrant affidavit. Agents observed Garcia-Rodriguez exit the breezeway of the apartment and travel directly to the predetermined meet location. Garcia-Rodriguez was driving the SUBJECT VEHICLE. The purchase of fentanyl was completed and Garcia-Rodriguez left in the SUBJECT VEHICLE.

12. Law enforcement had observed Garcia-Rodriguez entering the SUBJECT RESIDENCE over several months and confirmed that it was the only residence utilized by Garcia-Rodriguez. Law enforcement also observed the SUBJECT VEHICLE parked consistently at the location of the SUBJECT RESIDENCE.

13. On May 16, 2023, those search warrants were executed. Garcia-Rodriguez was arrested pursuant to an arrest warrant and law enforcement was able to confirm the individual they believed was named Arrazola-Zuniga was in fact the Defendant, Garcia-Rodriguez. The Defendant was arrested with the SUBJECT VEHICLE. Two cellphones were seized from the

Defendant's pockets, and 76.4 grams of heroin and 120 fentanyl pills were seized from the SUBJECT VEHICLE.

## II.     CONCLUSIONS OF LAW

The Defendant challenges the search warrant obtained by agents and executed on the Defendant's vehicle, home, and cell phones.  The Defendant has argued that the Defendant's Fourth Amendment rights were violated because the affidavit in support of the search warrant failed to sufficiently establish probable case.

In this case, the Court concludes that the Defendant's Fourth Amendment rights were not violated because the affidavit in support of the warrant sufficiently established probable cause that evidence of drug trafficking would be found at the Defendant's residence, in the Defendant's vehicle, and on the Defendant's phones.  Additionally, even if the warrant lacked sufficient probable cause, the *Leon* good faith exception applies because Agent Wingert had reasonable grounds for believing the warrant he sought was properly issued.

**A. The affidavit in support of the warrant sufficiently established probable cause.**

In issuing a search warrant, the "task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the

affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

"Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F. 2d 927, 937 (10th Cir. 1990). Additionally, the affidavit to support a search warrant "must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *United States v. Danhauer*, 229 F. 3d 1002, 1006 (10th Cir. 2000).

A finding of probable cause rests not on whether particular conduct is "innocent" or "guilty," but on the "degree of suspicion that attaches" to the Government's evidence. *Illinois v. Wardlow*, 528 U.S. 119, 128 (2000). "The process [of reviewing for probable cause] does not deal with hard certainties, but with probabilities." *Texas v. Brown*, 460 U.S. 730, 742 (1983). "[T]he evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Id.

As the Tenth Circuit has made clear, "We recognize that magistrate judges are vested with substantial discretion to draw all reasonable inferences from the Government's evidence." *United States v. Biglow*, 562 F.3d 1272, 1281 (10th Cir. 2009) citing *Illinois v. Gates*, 416 U.S. 213, 240 (1983). "Indeed, the Supreme Court has

6

cautioned reviewing courts against adopting a "grudging or negative" attitude towards warrants, regardless of whether the magistrate judge's probable-cause determination rests on such inferences." *Id*. Moreover, applying a "hypertechnical construction of the Government's evidence to invalidate a warrant is expressly disallowed." *Id*.

In this case, Magistrate Judge Jared Bennett was presented with the following evidence. Law enforcement arranged, via phone, for four separate purchases of fentanyl and heroin over the course of five months. At each of the arranged purchases the same individual arrived and completed the sale of illegal narcotics. At the first purchase the individual arrived in a white Chrysler 200. At the following three purchases the individual showed up in the same 2014 Ford Fusion each time. During the final purchase of illegal narcotics, occurring just five days prior to the execution of the warrants, law enforcement had setup surveillance at Apartment #21 located at 3945 S 700 W Bldg 3941, Murray UT 84123 in the Driftwood Park Apartments complex. Law enforcement observed that same individual leave through the breezeway of Apartment #21, get into that same 2014 Ford Fusion, drive directly to the predetermined meet location and complete the sale of fentanyl. Law enforcement had also observed that same individual entering that residence multiple times over the past month and confirmed they had no other residence.

The Court concludes that this is sufficient evidence of narcotics trafficking that would lead a prudent person to believe that a search would uncover contraband or

evidence of criminal activity at Defendant's residence, in his car, and on his phones. Law enforcement established a nexus between Defendant's narcotics trafficking and his use of phones to arrange the buys, as well as Defendant's use of a specific vehicle for the exchange and the Defendant's travel from a specific residence directly to the exchange. Law enforcement directly observed this evidence and conveyed that information to Magistrate Judge Bennett when seeking the warrant. The Court finds that this combination of facts in the affidavit demonstrates probable cause that evidence of narcotics trafficking would be found in Apartment #21 at the Driftwood Park Apartments, the 2014 Ford Fusion, and in the phones located in those two locations.

### B. The *Leon* good faith exception applies because the Defendant has not shown that there were no reasonable grounds for believing that the warrant was properly issued.

In reviewing the affidavit for good faith, the Court must apply "two equally well-established legal principles: (a) the "great deference" accorded magistrates; and (b) the strong presumption in favor of admitting evidence seized by warrant. *United States v. McKneely*, 6 F.3d 1447, 1455–56 (10th Cir. 1993).

"The first notion to be remembered in considering the good faith principle is the presumption created in Leon that when an officer relies upon a warrant, the officer is acting in good faith." *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993) (applying the good faith exception despite an affidavit that lacked probable cause). Indeed, there is a strong presumption in favor of warrant searches. *Id*.

Suppression of evidence should occur when an officer has "no reasonable grounds for believing that the warrant was properly issued." *United States v. Leon*, 468 U.S. 897, 922-23 (1984). The exclusionary rule's purpose is to deter misconduct by the police. *United States v. Tuter*, 240 F. 3d 1292, 1298 (10th Cir. 2001). Suppression of evidence should only happen when suppression will further the aim of the exclusionary rule. *Id*. at 1299. If an officer acts in good faith to obtain a search warrant from a neutral magistrate, and the officers only act within the warrant's scope, there is no misconduct to deter. *Id*.; see also *United States v. Nolan*, 199 F. 3d 1180, 1184 (10th Cir. 1999).

"[T]he exclusionary rule is not an individual right and applies only where it results in appreciable deterrence." *Herring v. United States*, 555 U.S. 135, 141 (2009). The Supreme Court went on to state that the "rule's costly toll upon truth-seeking and law enforcement objectives presents a high obstacle for those urging its application." *Id*. The rule is not intended to protect the truth-finding process of the trial, but is to serve the privacy interests protected by the fourth amendment. *United States v. Payner*, 447 U.S. 727, 734 (1980). For this reason, it has been repeatedly emphasized that the suppression of evidence is an infrequent and disfavored remedy which is applied only as a last resort, not as a first impulse. *United States v. Forrester*, 512 F.3d 500, 512 (9th Cir. 2008).

The Tenth Circuit summarized four potential reasons for not following the good-faith presumption:

> First, evidence should be suppressed if the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his "reckless disregard of the truth." Second, the exception does not apply when the "issuing magistrate wholly abandons her judicial role." Third, the good-faith exception does not apply when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Fourth, the exception does not apply when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid.

*Id*.

### 1. The affidavit is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

In his Motion to Suppress, the Defendant has argued that the warrant was insufficient in its attempt to establish probable cause for issuance of the warrants. The Court concludes that the warrant is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

"Here, the affidavit supporting the warrant was neither a "bare bones" affidavit, nor was it "devoid" of facts." *United States v. Corral-Corral*, 899 F.2d 927, 934 (10th Cir. 1990). In *United States v. Danhauer*, a detective received information that two individuals were cooking methamphetamine at their residence; this information was provided by a confidential informant. 229 F.3d 1002, 1004 (10th Cir. 2000). The detective shared this tip with another detective who confirmed the physical description of the residence, found that it was owned by the two individuals identified by the informant, learned that both individuals had criminal histories including outstanding arrest warrants,

and discovered that one of the individuals had recently submitted a urine sample that tested positive for methamphetamine. *Id*. With only these facts, the detective wrote an affidavit and obtained a search warrant.

The Tenth Circuit has held that the "affidavit in this case failed to allege facts sufficient to establish probable cause." *Id*. at 1005. It reasoned that the only possible link between the residence and drug activity was the presence of methamphetamine in one of the individual's urine samples. *Id*. However, it decided that "the affidavit in support of the warrant . . . was not so lacking in indicia of probable cause that the executing officer should have known the search was illegal." *Id*. at 1007. In addition, it held "the absence of information establishing the informant's reliability or basis of knowledge does not necessarily preclude an officer from manifesting a reasonable belief that the warrant was properly issued." *Id*.

In this case, Agent Wingert's affidavit provided far more direct evidence and support for probable cause than the detective in *Danhauer*. Agent Wingert detailed controlled purchases of narcotics made directly from the Defendant, while he was driving the subject vehicle, and traveling directly from the subject residence. This is far more evidence than the uncorroborated CI information and drug tests from *Danhauer*. Accordingly, even if the affidavit failed to contain sufficient probable cause this Court finds that suppression is not justified because a good-faith exception applies.

### III.    CONCLUSION

Based on the affidavit containing sufficient probable cause to support the search warrant and the applicability of the *Leon* good-faith exception the Court denies the Defendant's Motion to Suppress.

Dated this 19th day of December 2024.

BY THE COURT:

_____
DALE A. KIMBALL
UNITED STATES DISTICT JUDGE
